IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:09-CT-3124-FL

**FILED**

JUL 0 2 2010

DENNIS P. IAVARONE, CLERK
US DISTRICT COURT, EDNC
BY _____ DEP CLK

| | |
|---|---|
| ANTHONY RAY HARRIS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| DEPUTY R. L. FOY, et al., ) | |
| ) | |
| Defendants. ) | |

On July 27, 2009, plaintiff Anthony Ray Harris (hereinafter "plaintiff"), a pretrial detainee, filed this *pro se* complaint pursuant to 42 U.S.C. § 1983. On February 11, 2010, the court dismissed this action without prejudice because plaintiff failed to respond to this court's December 14, 2009 order directing him to provide the court with an address for each defendant he named in his action. The matter is before the court on plaintiff's motion for reconsideration (DE # 13). The matter is ripe for adjudication.

Plaintiff's motion for reconsideration requests that the court reconsider its dismissal of his action. Accordingly, the court treats plaintiff's motions as a motion under Rule 59(e). Rule 59(e) permits a court to alter or amend a judgment. See Fed. R. Civ. P. 59(e). The decision whether to alter or amend a judgment pursuant to Rule 59(e) is within the sound discretion of the district court. See Bogart v. Chapell, 396 F.3d 548, 555 (4th Cir. 2005); Hughes v. Bedsole, 48 F.3d 1376, 1382 (4th Cir. 1995). The Fourth Circuit has recognized three reasons for granting a motion to alter or amend a judgment under Rule 59(e): (1) to accommodate an intervening change in controlling law;

(2) to account for the availability of new evidence not previously available; or (3) to correct a clear error of law or prevent manifest injustice. See, e.g., Zinkand v. Brown, 478 F.3d 634, 637 (4th Cir. 2007); Bogart, 396 F.3d at 555; Hutchison v. Staton, 994 F.2d 1076, 1081 (4th Cir. 1993).

Here, plaintiff's case was dismissed on February 11, 2010 because he failed to respond to this court's December 14, 2009 order. Plaintiff argues that the court's dismissal of this case resulted in manifest injustice because he had difficulty sending his legal mail to the court. The court finds that plaintiff has established excusable neglect and that the failure to re-open his action would result in manifest injustice. Based upon these findings, plaintiff's Rule 59(e) motion (DE # 13) is GRANTED. The Clerk of Court is DIRECTED issue summons for defendants.

SO ORDERED, this the 26th day of June, 2010.

LOUISE W. FLANAGAN  
Chief United States District Judge

2