IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:09-CT-3124-FL

| ANTHONY RAY HARRIS, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | ORDER |
| DEPUTY R.L. FOY; THE RALEIGH POLICE DEPARTMENT; AND THE WAKE COUNTY SHERIFF'S DEPARTMENT, | ) | |
| Defendants. | ) | |

This matter comes before the court on the motion to dismiss (DE # 24) pursuant to Federal Rule of Civil Procedure 12(b)(6), filed by defendant Raleigh Police Department ("RPD"). Also before the court is plaintiff's "motion to be brought in court to respon[d] to the hon[]erable judge" (DE # 33), and the Wake County defendants' response (DE # 37) to the court's April 28, 2011, order. In this posture, the matters are ripe for adjudication. For the following reasons, the court grants RPD's motion, but denies plaintiff's motion.

STATEMENT OF THE CASE

On July 27, 2009, plaintiff filed this action pursuant to 42 U.S.C. § 1983 against RPD as well as defendants Wake County Sheriff's Department Deputy R.L. Foy ("Foy") and the Wake County Sheriff's Department. Plaintiff alleges unlawful arrest in violation of the Fourth Amendment to the United States Constitution. Plaintiff also alleges that he was unlawfully discriminated against.

On December 13, 2010, RPD filed a motion to dismiss, which is fully briefed. Plaintiff also filed a "motion to be brought in court to respon[d] to the hon[]erable judge."

On April 28, 2011, the court entered an order directing the Wake County defendants to file a report within fourteen (14) days clarifying plaintiff's custodial status. If plaintiff still was in the Wake County defendants' custody, the court ordered the Wake County defendants to provide the court information regarding the delivery of its mail to plaintiff. The Wake County defendants submitted a response on May 9, 2011.

## DISCUSSION

A.  Motion to Dismiss

1.  Standard of Review

A motion to dismiss under Rule 12(b)(6) determines only whether a claim is stated; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). A claim is stated if the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. ----, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. V. Twombly, 550 U.S. 544, 570 (2007)). In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, ... bare assertions devoid of further factual enhancement[,] ... unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted). In other words, this plausibility standard requires a plaintiff to articulate facts, that, when accepted as true, demonstrate that the plaintiff has stated a claim that makes it plausible he is entitled

to relief. Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (quoting Iqbal, 129 S.Ct. at 1949, and Twombly, 550 U.S. at 557).

2. Analysis

Plaintiff brings this action against RPD. However, actions filed pursuant to § 1983 must be directed at persons. See Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989); see also Moore v. City of Asheville, 290 F. Supp. 2d 664, 673 (W.D.N.C. 2003), aff'd, 396 F.3d 385 (4th Cir. 2005) (dismissing claims against city police department for lack of capacity). Because RPD is not a person, it is not a proper party to a § 1983 action. Thus, the RPD's motion to dismiss is GRANTED.

B. Plaintiff's Motion

Plaintiff filed a "motion to be brought in court to respon[d] to the hon[]erable judge," in which he seeks a hearing before the undersigned to discuss defendants' behavior in connection with this action. Plaintiff has not provided sufficient factual or evidentiary support that a hearing is necessary at this point in the proceedings. Thus, plaintiff's motion is DENIED.

The court notes that this motion details several complaints and allegations against the Wake County Jail ("jail") employees and the United States Marshal. Plaintiff is informed that he must amend his complaint pursuant to Federal Rule of Civil Procedure 15 in order to assert any new claims in this action. Accordingly, the new claims and allegations raised in plaintiff's "motion to be brought in court to respon[d] to the hon[]erable judge," are not part of this action. Plaintiff is cautioned that any amended complaint must comply with Federal Rule of Civil Procedure 8, which requires " . . . a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed.R.Civ.P 8.

3

C.   Wake County Defendants' Response to Court's April 28, 2010, Order

On April 28, 2010, the court issued an order in which it stated that the docket leads to a reasonable belief that plaintiff's mail was erroneously being returned by the jail as undeliverable. Accordingly, the court instructed the Wake County defendants to clarify plaintiff's custodial status. In the event that plaintiff still was in the custody of the jail, the Wake County defendants were instructed to account for why plaintiff's mail was being returned as undeliverable on the dates set forth by the court in its April 28, 2011, order. The court further instructed the Wake County defendants to affirm that plaintiff has received the mail that was returned to the Clerk as undeliverable. Finally, the court asked the Wake County defendants to include a description of steps immediately to be taken to assure that plaintiff's mail properly will be delivered to him in the future.

In response to the court's order, the Wake County defendants state that plaintiff is a "frequent flyer" at the jail and that he has been committed in the jail six times and released five times during the course of this action. The Wake County defendants state that the mail room staff returns an inmate's mail to its sender as undelivered if the inmate is not in the jail's custody on the date the mail is received. As part of their report, the Wake County defendants submitted documentation for the dates plaintiff was admitted and released from the jail. The documentation reveals that the instances in which plaintiff's mail was returned to the court as undeliverable approximately corresponds to time periods during which plaintiff was released from custody. Further, a review of the court's docket reflects that plaintiff failed to notify the court in writing of his change of address within fourteen (14) days upon each of the several occasions he was released from the jail's custody as is required by Local Civil Rule 83.3. The court cautions plaintiff that any future failure to update

4

his address upon release from incarceration will result in dismissal of this action for failure to prosecute, as provided by the Local Civil Rules.

CONCLUSION

For the foregoing reasons, the motion to dismiss (DE # 24) filed by RPD is GRANTED, but plaintiff's "motion to be brought in court to respon[d] to the hon[]erable judge" (DE # 33) is DENIED.

SO ORDERED, this the 29th day of June, 2011.

LOUISE W. FLANAGAN
Chief United States District Judge

5

Case 5:09-ct-03124-FL   Document 38   Filed 06/30/11   Page 5 of 5