IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:09-CT-3124-FL

| | |
|---|---|
| ANTHONY RAY HARRIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | ORDER |
| DEPUTY R.L. FOY; THE RALEIGH ) | |
| POLICE DEPARTMENT; AND THE ) | |
| WAKE COUNTY SHERIFF'S ) | |
| DEPARTMENT, ) | |
| ) | |
| Defendants. ) | |

The matter comes before the court on the motion for summary judgment (DE # 56) pursuant to Federal Rule of Civil Procedure 56 filed by defendants R.L. Foy ("Foy") and the Wake County Sheriff's Department ("Sheriff's Department"). Also before the court are plaintiff's motions for relief (DE #s 52, 53), which this court construes as motions for summary judgment. Plaintiff has not responded to defendants' motion, and defendants did not respond to plaintiff's motions. In this posture, these matters are ripe for adjudication. For the following reasons, the court grants defendants' motion for summary judgment, but denies plaintiff's motions for summary judgment.

## STATEMENT OF THE CASE

On July 27, 2009, plaintiff, a then pretrial detainee, brought this action pursuant to 42 U.S.C. § 1983. Plaintiff alleged defendants unlawfully arrested him in violation of the Fourth Amendment to the United States Constitution. Plaintiff also alleged that defendants prevented him from registering as a sex offender.

On October 25, 2011, plaintiff filed two motions for summary judgment. On November 14, 2011, defendants filed a motion for summary judgment arguing that they did not violate plaintiff's constitutional rights and that the Sheriff's Department is not a proper party. Alternatively, defendants assert the defense of qualified immunity.

## STATEMENT OF FACTS

The facts seen in the light most favorable to plaintiff are as follows. In April 2008, a judge ordered plaintiff not to enter the Wake County Public Safety Center ("Public Safety Center") for one year. In June of 2009, plaintiff was placed on probation and ordered to register with the North Carolina Sex Offender Registry, located in the Public Safety Center. Plaintiff states that Foy interfered with his obligation to register as a sex offender when Foy prevented him from entering the Public Safety Center.

Foy, an employee of the Wake County Sheriff's Sex Offender Office, disputes plaintiff's version of the facts. See Foy Aff. ¶ 2. On June 8, 2009, Foy received notice that plaintiff was convicted of sexual battery and that plaintiff was required to register as a sex offender.[1] Id. ¶ 6. Foy's supervisor, Sergeant Bumgardner ("Bumgardner"), informed him that plaintiff usually could be found "hanging out" in front of the Public Safety Center. Id. ¶ 7. Pursuant to Bumgardner's instruction, Foy found plaintiff outside of the Public Safety Center, in an intoxicated state, and escorted plaintiff into the building to register. Id. ¶¶ 8-9. Plaintiff was uncooperative, upon entering the sex offender registration office, and Foy was unable to register him. Id. ¶ 10. Foy then asked Bumgardner to speak with plaintiff, and Bumgardner, in Foy's presence, told plaintiff to return the

---

[1] Foy is required to register as a sex offender based upon two separate 2009 and 2010 convictions for sexual battery, and is a lifetime registered sex offender. Foy Aff. ¶ 3.

2

next morning when he was sober in order to register. Id. ¶ 11. Plaintiff did not return. Id. ¶ 12. On June 11, 2009, a warrant was issued for his arrest for failure to register as a sex offender, and plaintiff was arrested. Id.

## DISCUSSION

A.  Standard of Review

Summary judgment is appropriate when there exists no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, 477 U.S. 242, 247 (1986). The party seeking summary judgment bears the burden of initially coming forward and demonstrating an absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the nonmoving party then must affirmatively demonstrate that there exists a genuine issue of material fact requiring trial. Matsushita Elec. Industrial Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. Anderson, 477 U.S. at 250.

2.  Analysis

   a.  Sheriff's Department

The court first addresses whether the Sheriff's Department is a proper party to this action. "State law dictates whether a [state] governmental agency has the capacity to be sued in federal court." Efird v. Riley, 342 F. Supp. 2d 413, 419-20 (M.D.N.C. 2004) (citing Avery v. Burke, 660 F.2d 111, 113-14 (4th Cir. 1981)). For instance, N.C. Gen. Stat. § 153A-11 acknowledges that a county is a legal entity which may be sued. However, there is no corresponding statute authorizing suit against a North Carolina county's sheriff's department. Accordingly, the Sheriff's Department

3

lacks legal capacity to be sued. See Efird, 342 F. Supp. 2d at 420 (dismissing claims against county sheriff's department for lack of capacity); Hill v. Robeson County, N.C., 733 F. Supp. 2d 676, *690 (E.D.N.C. May 20, 2010). Based upon the foregoing, the Sheriff's Department's motion for summary judgment is GRANTED.

    b.    Foy

Foy asserts the defense of qualified immunity. Government officials are entitled to qualified immunity from civil damages so long as "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). Qualified immunity protects government officials "where the law is unsettled or murky." Rogers v. Pendleton, 249 F.3d 279, 286 (4th Cir. 2001). The test is whether the act was clearly forbidden, not whether in hindsight the action was wrongful. Id. at 286. The Fourth Circuit has recognized a two--pronged qualified immunity inquiry:

> First, we must decide whether a constitutional right would have been violated on the facts alleged. Next, assuming that the violation of the right is established, courts must consider whether the right was clearly established at the time such that it would be clear to an objectively reasonable officer that his conduct violated that right.

Bailey v. Kennedy, 349 F.3d 731, 739 (4th Cir. 2003) (internal quotations omitted). With respect to the second step, "[t]he relevant dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was lawful in the situation he confronted." Saucier v. Katz, 533 U.S. 194, 202 (2001), receded from by, Pearson v. Callahan, 555 U.S. 223 (2009). A court has discretion to decide which step of the two--prong test to analyze first. Pearson, 555 U.S. at 242.

4

Plaintiff alleges that Foy, a Sheriff's Department deputy, interfered with his ability to register as a sex offender and accused him of trespassing. Foy disputes plaintiff's allegations. Instead, Foy asserts that, on June 8, 2009, he received notice that plaintiff was convicted of sexual battery, and was required to register at the Sheriff's Department as a sex offender. Foy found plaintiff on the steps of the Public Safety Center and escorted him into the building to register. Plaintiff was intoxicated and disruptive, so Foy instructed him to return the next day. Plaintiff did not return for several days, and subsequently was arrested on June 11, 2009, for failing to register.[2] See N.C. Gen. Stat. § 14-208.11 (stating that a person who is required to register as a sex offender and willfully fails to register is guilty of a Class F felony).

Based upon the foregoing, the evidence in the record does not reflect that Foy interfered with plaintiff's ability to register as a sex offender, that he prevented him from entering the Public Safety Center, or that he arrested him for trespassing. Instead, it appears that Foy attempted to assist plaintiff in complying with his statutory requirement to register as a sex offender, and that plaintiff was not cooperative. Plaintiff has not presented any evidence to the contrary. Thus, there is no evidence that Foy violated plaintiff's constitutional rights by interfering with his ability to register as a sex offender, and he is entitled to qualified immunity.

To the extent plaintiff asserts that Foy falsely arrested him in violation of the Fourth Amendment, his claim is without merit. To establish a Fourth Amendment false arrest or malicious prosecution claim, the plaintiff must establish that probable cause did not exist for his arrest. Brooks v. City of Winston-Salem, 85 F.3d 178, 183 (4th Cir. 1996). Probable cause for an arrest exists when

---

[2] The court notes that plaintiff successfully registered as a sex offender on July 20, 2010. See http://sexoffender.ncdoj.gov/.

"the facts and circumstances within the officer's knowledge . . . are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense." Michigan v. DeFillippo, 443 U.S. 31, 37 (1979). Here, Foy was aware that plaintiff was required to register as a sex offender and that he had failed to register pursuant to N.C. Gen. Stat. ¶ 14-208.11. Accordingly, Foy had probable cause to arrest plaintiff, and there is no constitutional violation.

Finally, to the extent plaintiff challenges his convictions for sexual battery which triggered the sex-offender registration requirement, he may not do so in this action. In order to proceed with claims arising out of a state criminal proceeding, a plaintiff must show that his underlying convictions have been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus. See e.g., Heck v. Humphrey, 512 U.S. 477, 486-87 (1994); Campbell v. Beckley Police Dept., 390 F. App'x 246, 248 (4th Cir. Aug. 5, 2010). The complaint contains no plausible allegation that plaintiff has met this condition for his sexual battery convictions, nor does the North Carolina Department of Justice's Sex Offender Registry website support such a finding.[3] http://sexoffender.ncdoj.gov/. Therefore, to the extent he challenges his sexual battery convictions, his claims are DISMISSED without prejudice.

C.   New Claims

Plaintiff make several allegations in his many random filings. On June 30, 2011, the court warned plaintiff that it would not consider his random allegations unless he filed a motion to amend his complaint pursuant to Federal Rule of Civil Procedure 15(a). Plaintiff failed to subsequently

---

[3] In support of his claim, plaintiff makes conclusory allegations that there was insufficient evidence for his battery convictions. This is insufficient to state a claim pursuant to § 1983. See, e.g., White v. White, 886 F.2d 721, 723 (4th Cir. 1989) (stating minimum level of factual support required).

6

move to amend his complaint. Because plaintiff has not moved this court to amend his complaint pursuant to Rule 15(a) to include any new claim, his random allegations are not properly before the court and are DISMISSED without prejudice.[4] See United States v. Jones, 842 F.2d 1293, *1 (4th Cir. Mar. 9, 1988); Crump v. N.C. Dep't of Corr., No. 3:05CV325-02-MU, 2009 WL 2738459, *5 (W.D.N.C. Aug. 26, 2009).

## CONCLUSION

For the foregoing reasons, defendants' motion for summary judgment (DE # 56) is GRANTED. Plaintiff's claims attacking his sexual battery convictions are DISMISSED without prejudice. Plaintiff's motions to be granted relief (DE #s 52 and 53) are DENIED. The new claims raised in plaintiff's random miscellaneous filings are DISMISSED without prejudice. The Clerk of Court is DIRECTED to close this case.

SO ORDERED, this the 14th day of June, 2012.

LOUISE W. FLANAGAN
United States District Judge

---

[4] The court notes that many of plaintiff's random allegations concerning the conditions of his confinement and the distribution of his mail arose after he filed this action. Accordingly, even if plaintiff had moved to amend his complaint, it is likely that these allegations, unrelated to this action, would have to be severed pursuant to Federal Rules of Civil Procedure 18(a), 20(a)(2).

7